IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Regina G. Cornelius, | ) | C/A No. 3:12-721-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| American Spiral Weld Pipe Co.; American | ) | |
| Cast Iron Pipe Company; Don Gray; and | ) | |
| Douglas Cunningham, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Regina G. Cornelius ("Cornelius"), who is self-represented, filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; alleging gender discrimination and retaliation by the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss. (ECF No. 22.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Cornelius of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendants' motion. (ECF No. 28.) Cornelius filed a response in opposition (ECF No. 36), and the defendants replied (ECF No. 38).

**BACKGROUND**

In this matter Cornelius alleges that she was not provided the same benefits as her male colleagues. Specifically, she contends that she was not provided with a performance evaluation and salary increase for two and a half years and was denied raises when her male colleagues received

them. Additionally, she alleges that after complaining about the perceived unequal treatment between males and females to the defendants' human resources representative in the corporate office, the defendants changed their behavior only temporarily and then "things went back to the way they were, except, I was still under scrutiny as a 'whistleblower.' " (Compl. ECF No. 1 at 2-3.)

## DISCUSSION

**A.     Motion to Dismiss Standard**

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal,

PJG

556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555. Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

*PJG*

B.  **Defendants**

The individual defendants correctly assert that any Title VII claims against them fail as a matter of law.  See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (holding that there is no individual liability under Title VII).

Additionally, Defendant American Cast Iron Pipe Company ("ACIPCO") correctly points out that Cornelius has failed to allege a plausible Title VII claim against it, as her Complaint merely references the EEOC representative from the corporate office of ACIPCO but does not allege facts showing that this defendant was her employer as defined in Title VII.[1]  See 42 U.S.C. § 2000e(b), (f) (subject to exceptions not applicable in this case, defining the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person" and the term "employee" as "an individual employed by an employer").

Finally, the defendants contend that Cornelius's Complaint should be dismissed under Rule 12(b)(6) because she has not alleged a plausible claim of unlawful gender discrimination and retaliation.  In response to this motion, Cornelius filed an opposition memorandum detailing the facts giving rise to her Complaint.  However, Cornelius has not sought or obtained leave to amend her Complaint under Rule 15(a) to include these additional factual averments.

---

[1] Although ACIPCO asserts that Cornelius has not exhausted her administrative remedies with regard to this defendant because her administrative charge named only Defendant American SpiralWeld Pipe Company, the court is unable to address the merits of this assertion since the administrative charge is not contained in the record.  See, e.g., Young v. Nat'l Ctr. for Health Servs. Research, 828 F.2d 235, 238 (4th Cir. 1987) ("The defendant has the burden of proving the affirmative defense of failure to exhaust administrative remedies.").

PJG

Accordingly, the court finds that the defendants' motion should be granted, unless Cornelius files, within the time permitted for filing objections to this Report and Recommendation, a properly supported motion to amend with a proposed amended, verified complaint asserting a plausible claim for relief against Defendant American SpiralWeld Pipe Co.

### RECOMMENDATION

For the foregoing reasons, Cornelius's claims against Defendants Gray, Cunningham, and ACIPCO should be dismissed and these defendants should be terminated as parties to this action. Her claims against American SpiralWeld Pipe Co. should also be dismissed *unless* Cornelius seeks and obtains leave to amend her complaint to assert a plausible claim against this defendant in accordance with the procedure described above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 17, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).