IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Regina G. Cornelius, ) | C/A No. 3:12-721-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| American Spiral Weld Pipe Co.; American ) | |
| Cast Iron Pipe Company; Don Gray; and ) | |
| Douglas Cunningham, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On March 12, 2012, Plaintiff Regina G. Cornelius ("Plaintiff"), *pro-se*, filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, alleging gender discrimination and retaliation by Defendants American Spiral Weld Pipe Co. ("ASWP"), American Cast Iron Pipe Company ("ACIPCO"), Don Gray ("Gray"), and Douglas Cunningham ("Cunningham"). Dkt. No. 1. Defendants filed a motion to dismiss on June 8, 2012. Dkt. No. 22.

**BACKGROUND**

The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636 (b) and Local Rule 73.02(B)(2), D.S.C., and which was filed on September 17, 2012. Dkt. No. 52. The Report recommends that the court grant the motion to dismiss as to Defendants Gray and Cunningham because there is no individual liability under Title VII. *Id.* The Report also recommends that the court dismiss Plaintiff's claims against ACIPCO because Plaintiff has not alleged that ACIPCO was her employer. Finally, the Report recommends dismissal of Plaintiff's

claims against ASWP unless Plaintiff seeks and obtains leave to amend her Complaint to assert a plausible claim against ASWP by the deadline for filing objections to the Report.

The parties were advised of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* Plaintiff mailed objections to the Report on September 16, 2012. Plaintiff did not request leave to file an amended complaint. ASWP filed objections to the Report on October 4, 2012, arguing that Plaintiff should not be allowed to amend her complaint. Dkt. No. 63.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

**Gray, Cunningham, and ACIPCO.** The Report recommends dismissing Plaintiff's claims against Defendants Gray and Cunningham because individuals are not liable under Title VII. The Report also recommends dismissing Plaintiff's claims against Defendant ACIPCO because ACIPCO

2

was not alleged to be her employer. Plaintiff has not specifically objected to these recommendations. The court has reviewed the parties' briefs, applicable law, and findings and recommendations of the Magistrate Judge for clear error as to the dismissal of Defendants Gray, Cunningham, and ACIPCO. Finding none, the court adopts and incorporates the Report by reference. For the reasons set forth therein, the court dismisses Plaintiffs' claims against Defendants Gray, Cunningham, and ACIPCO without prejudice.

**ASWP.** Defendants argued in their motion to dismiss that Plaintiff's complaint should be dismissed for failure to state a claim for gender discrimination and retaliation. In response, Plaintiff filed a memorandum that included factual allegations that were not included in her complaint. The Report noted that Plaintiff "has not sought or obtained leave to amend her Complaint under Rule 15(a) to include these additional factual averments." Report at 4. The Report recommended that "defendant's motion should be granted, unless Cornelius files, within the time permitted for filing objections to this Report and Recommendation, a properly supported motion to amend with a proposed amended, verified complaint asserting a plausible claim for relief against Defendant [AWSP]." Report at 5.

The court declines to adopt the Report's recommendation that Plaintiff's complaint be dismissed as to ASWP. No basis for this recommendation is contained in the Report. The court, therefore, remands the matter to the Magistrate Judge to analyze and explain whether Plaintiff's complaint states a claim of gender discrimination and retaliation against ASWP.

**CONCLUSION**

For the reasons stated above and in the Report, the court grants Defendants' motion to dismiss as to Defendants Gray, Cunningham, and ACIPCO. Plaintiff's claims against Defendants

Gray, Cunningham, and ACIPCO are dismissed without prejudice. The court remands the matter to the Magistrate Judge to consider and explain whether Plaintiff's complaint states a plausible claim against ASWP.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 5, 2012