IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Regina G. Cornelius, | ) | C/A No. 3:12-721-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **SUPPLEMENTAL** |
| | ) | **REPORT AND RECOMMENDATION** |
| American Spiral Weld Pipe Co., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court following the Order of the Honorable Cameron McGowan Currie, United States District Judge, recommitting this matter to the assigned magistrate judge "to consider and explain whether Plaintiff's complaint states a plausible claim against [Defendant American Spiral Weld Pipe Co. ("ASWP")]." Having now reviewed a *complete* copy of the Complaint, the court concludes that it does.

Like the mystery in Agatha Christie's renowned *Thirteen at Dinner*, this issue turns on a missing page. Due to an apparent scanning malfunction when the Clerk of Court entered Cornelius's Complaint on the court's Electronic Case Filing ("ECF") system, a page of the Complaint was omitted.[1] Without this page, the Complaint appeared to be missing facts that would state a plausible claim for relief against ASWP. Accordingly, the assigned magistrate judge recommended that the Complaint be dismissed unless Cornelius amended her Complaint. (Report & Recommendation,

---

[1] The Clerk of Court is hereby directed to scan a complete copy of the Complaint as a new and separate docket entry immediately following the docket entry for this Supplemental Report and Recommendation.

Page 1 of 3

PJG

ECF No. 52.) Cornelius failed to do so. Judge Currie then recommitted the matter to the assigned magistrate judge for an analysis of the originally filed Complaint. (Order, ECF No. 64.)

The page that was missing from ECF during this court's initial review of the defendants' motion to dismiss contains the following crucial averment: "I was hired on 5/7/07 as HR Assistant. *I was the only African American Female who received a salary wage (rather than hourly) . . . .*" (italics added.) The rest of the Complaint then goes on to state that Cornelius was treated unfairly because of her complaints of discriminatory practices, that she was denied performance evaluations and salary increases. She further avers that she complained to the human resources department at the corporate office because salaried male employees were receiving certain perquisites, and was subsequently terminated for sending a "forceful" e-mail. Taken together and viewed under the applicable pleading standard,[2] the court finds that Cornelius's Complaint, viewed in completion, states a plausible claim for relief for gender discrimination and retaliation under Title VII. The court therefore recommends that ASWP's motion to dismiss be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 11, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] The court's initial Report and Recommendation filed September 17, 2012 contained a summary of the applicable pleading standard; the court incorporates that discussion herein.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).