IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Regina G. Cornelius, | C/A No. 3:12-721-CMC-PJG |
| Plaintiff, | |
| | **OPINION and ORDER** |
| v. | |
| American Spiral Weld Pipe Co.; American Cast Iron Pipe Company; Don Gray; and Douglas Cunningham, | |
| Defendants. | |

On March 12, 2012, Plaintiff Regina G. Cornelius ("Plaintiff"), *pro-se*, filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, alleging gender discrimination and retaliation by Defendants American Spiral Weld Pipe Co. ("ASWP"), American Cast Iron Pipe Company ("ACIPCO"), Don Gray ("Gray"), and Douglas Cunningham ("Cunningham"). Dkt. No. 1. Defendants filed a motion to dismiss on June 8, 2012. Dkt. No. 22.

**BACKGROUND**

The court previously reviewed the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636 (b) and Local Rule 73.02(B)(2), D.S.C., and which was filed on September 17, 2012. Dkt. No. 52. On October 5, 2012, the court adopted the Report's recommendations to (1) dismiss Defendants Gray and Cunningham because there is no individual liability under Title VII, and (2) dismiss Plaintiff's claims against ACIPCO because Plaintiff has not alleged that ACIPCO was her employer. Dkt. No. 64. The court, however,

remanded the matter to the Magistrate Judge to consider and explain whether Plaintiff's complaint states a plausible claim against ASWP.

The matter is currently before the court for review of the Supplemental Report and Recommendation ("Supplemental Report"), filed October 11, 2012. Dkt. No. 69. The Supplemental Report explains that due to an apparent scanning malfunction, the complete Complaint was not entered on the court's Electronic Case Filing ("ECF") system. *Id.* at 1. After reviewing the complete Complaint, the Magistrate Judge recommends that ASWP's motion to dismiss be denied because Plaintiff's Complaint states a claim for gender discrimination and retaliation under Title VII. *Id.* at 2.

The parties were advised of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* ASWP filed objections to the Report on October 18, 2012, arguing that Plaintiff's Complaint fails to allege either a gender discrimination or retaliation claim. Dkt. No. 77. Plaintiff filed a "Response to Supplemental Report and Recommendation" on the same date. Dkt. No. 78.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416

F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

The Supplemental Report finds that Plaintiff has alleged facts, when viewed under the standard applicable to *pro-se* complaints, to state a claim for gender discrimination and retaliation under Title VII.

**Gender Discrimination.** Plaintiff, a former human resources assistant for ASWP, alleges she is "the only African American female who received a salary wage." Dkt. No. 70 at 2 (emphasis in original). She alleges ASWP engaged in discriminatory practices, including providing male salaried employees with certain benefits, such as longer lunches, flex time, and time off. She also alleges other salaried employees were provided performance evaluations and salary increase, and she was not.

ASWP objects to the Supplemental Report's finding that Plaintiff has stated a claim for gender discrimination. ASWP argues that Plaintiff has not alleged her job performance was satisfactory, ASWP treated similarly-situated employees more favorably, or gender motivated any employment decisions by ASWP. Dkt. No. 77 at 3. The court finds that Plaintiff has alleged she was performing her job satisfactorily. She claims she received more responsibility when the payroll administrator left, was responsible for training a new payroll administrator, and was told she was an asset to the company. Plaintiff also alleges similarly-situated employees were treated more favorably. She claims male salaried employees received performance evaluations and beneficial treatment, and she was told it did not matter what her "male colleagues did." Finally, she claims that

3

when she reported these alleged discriminatory practices to the "Internal EEOC Rep," she was informed that her complaints were legitimate. The court, therefore, concludes that Plaintiff has stated a claim for gender discrimination.

**Retaliation.** Plaintiff alleges she complained to the "Internal EEOC Rep," who conducted a site visit in December 2010 and concluded the investigation in March 2011. Plaintiff alleges that she was told she would "see major changes from top to bottom" after the conclusion of the investigation. Shortly thereafter, Plaintiff was terminated on March 23, 2011, after she sent an email discussing a meeting with her "VP." Plaintiff does not include the contents of her email, but provides a "synopsis of what was discussed," which references an investigation. Plaintiff alleges she was terminated for sending a "forceful email."

ASWP argues that Plaintiff has failed to allege she was discharged because of her protected activity. *Id.* at 4. Plaintiff alleges the EEOC internal investigation ended in March 2011 and that she was terminated on March 23, 2011, after she sent an email (presumably to her supervisor(s)) in which she discussed the results of the investigation. It is unclear from her Complaint whether her supervisors knew of her report(s) of alleged discrimination to the "EEOC Internal Rep" prior to this email. Liberally construing Plaintiff's *pro-se* Complaint, the court concludes that Plaintiff has stated a claim for retaliation.

The court, therefore, adopts the Supplemental Report's recommendation to deny ASWP's motion to dismiss Plaintiff's gender discrimination and retaliation claims. Further, the court denies Plaintiff's motion to appeal Defendants' request for dismissal (Dkt. No. 61) as moot.

## CONCLUSION

For the reasons stated above and in the Supplemental Report, the court adopts the Supplemental Report's recommendation to deny ASWP's motion to dismiss Plaintiff's gender

discrimination and retaliation claims. Plaintiff's motion to appeal Defendants' request for dismissal (Dkt. No. 61) is denied as moot. This matter is remanded to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 26, 2012